IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 4:19-cv-3047 | |
| § | (Death Penalty Case) | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

## DIRECTOR LUMPKIN'S STATUS REPORT

Dexter D. Johnson is a Texas state inmate seeking federal habeas relief. On July 30, 2020, the Court ordered that an evidentiary hearing would be held addressing "the question of whether [initial federal habeas counsel Patrick] McCann's representation rendered Johnson's *Atkins*[1] claim previously unavailable and whether it entitles Johnson to equitable tolling." Order 25, ECF No. 18. The Court ordered the parties to "confer and discuss the scope and timing of an evidentiary hearing" and to submit a status report within thirty days of the Court's order describing "what witnesses they wish to call and what evidence that they will present." Order 25–26. The parties have conferred but have failed to reach agreement as to the scope, witnesses and evidence to be presented, and timing of the hearing. Therefore, the

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).

Director now files his status report simultaneously with a motion that the Court reconsider its order partially granting a hearing and denying the Director's motion to dismiss. Pursuant to the Court's order, the Director submits the following:

1.  For the reasons explained in the accompanying motion to reconsider, the Director does not believe an evidentiary hearing is necessary. However, should the Court still deem an evidentiary hearing warranted, the Director requests that the hearing be limited to live testimony from Johnson's initial federal habeas counsel Patrick McCann. Because the Director believes the hearing should be limited to only one witness, the Director is prepared to attend a hearing as soon as mid-November 2020. Given the COVID-19 pandemic, the Director is amenable to a Zoom (or other videoconferencing application), rather than in-person, hearing at that time, provided that the hearing is limited to only McCann.

2.  The Director understands that Johnson's current counsel is expecting to begin her maternity leave in late November or early December and may not return until April of 2021. The Director is also prepared to attend a hearing set in April of next year.

3.  The Director understands that Johnson intends to call the following five witnesses: 1) Patrick McCann; 2) Johnson's trial counsel Jim Leitner and Anthony Osso; 3) legal ethics expert Bob Schuwerk; and 4) an expert who

2

would testify as to capital habeas practice. The Director also understands that Johnson seeks to depose McCann and both trial counsel prior to the hearing. The Director objects to these witnesses for the following reasons:

- The Director objects to any depositions. While it is "true that habeas corpus proceedings are characterized as civil," that "label is gross and inexact." *Harris v. Nelson*, 394 U.S. 286, 293–94 (1969). In a typical civil case, although not unfettered, the Federal Rules "have been generously construed to provide a great deal of latitude for discovery." *Id.* at 297. But in postconviction proceedings, "a broad-ranging preliminary inquiry is neither needed nor appropriate." *Id.* Indeed, handling discovery as an ordinary civil dispute "would do violence to the efficient and effective administration of the Great Writ." *Id.* In seeking pre-hearing depositions, Johnson disregards fundamental distinctions between traditional civil litigation and federal habeas. In civil litigation, pretrial discovery is typically a means for uncovering yet unknown facts that will be used either to settle a case or to allow the factfinder at trial to assess liability. In habeas, the matters in dispute are at the forefront, are not waiting to be unveiled through loosely-focused searching, and are narrowly tailored to the designated issue. Moreover, there is no pre-trial settlement in habeas—there is no middle ground, and consequently resolution by agreement is rare. Thus, this case cannot be treated as a traditional civil case for discovery purposes because it is not a traditional civil case. Johnson's request for depositions should be denied as unnecessary.

- The Director objects to Johnson's trial counsel being presented. The Director understands that Johnson intends to call trial counsel to ask about McCann's alleged failure to obtain their files until after Johnson's current counsel was appointed. But for reasons enumerated in the Director's motion to reconsider, the Director fails to see how any alleged failure to obtain files necessary for an ineffective-assistance-of-trial-counsel claim relates to McCann's failure to raise an unrelated *Atkins* claim. Johnson has made no allegation that those files—which he appears to now have—give rise to an *Atkins* claim that McCann should have, but did not, discover and raise, even if ineffective state habeas counsel could constitute cause for excusing a defaulted *Atkins* claim (which it does not). *See*

3

Order 10, 12 (noting that Johnson's current counsel have not identified any claim that falls within the ambit of *Martinez v. Ryan*, 566 U.S. 1 (2012)).

- The Director objects to any expert testimony at this stage. Expert testimony as to the purported standard of care or the reasonableness of McCann's decisions is unnecessary and inappropriate because such testimony would not assist the Court in understanding the evidence or determining a fact in issue, i.e., the knowledge possessed by McCann and the strategic choices he made. Fed. R. Evid. 702; *see Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Consequently, the testimony would be inadmissible. The Eleventh Circuit has forcefully held that "the reasonableness of a strategic choice is a question of law to be decided by the court, not a matter subject to factual inquiry and evidentiary proof." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Thus, "it would not matter if a petitioner could assemble affidavits from a dozen attorneys swearing that the strategy used at his trial was unreasonable. The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony." *Id*. It is instead a "question of law to be decided . . . by the district court[.]" *Id*. The Fifth Circuit explicitly agreed with this reasoning when it held that a district court did not abuse its discretion in refusing to consider expert attorney affidavits. *See Johnson v. Quarterman*, 306 F. App'x 116, 129 (5th Cir. 2009); *see also Mamou v. Stephens*, No. H-14-403, 2014 WL 4274088, at *6 (S.D. Tex. Aug. 28, 2014) (denying petitioner's request for funding to retain a purported expert on the standard of care in capital cases). Indeed, the *Johnson* court quoted with approval the district court's reasoning that the court was "intimately acquainted with the legal standards governing ineffective assistance of counsel claims. Expert testimony purporting to tell the court how those legal standards apply to the facts of a particular case invade the court's province as the trier of the law[.]" *Johnson*, 306 F. App'x at 128. The Director is confident that so too is this Court both well-acquainted with, and more than capable of applying, the law governing ineffectiveness allegations without the assistance of an expert.

4. The Director does not intend to call any witnesses if the hearing is limited to McCann's testimony. However, if Johnson is permitted to call the

4

above witnesses, or any other witnesses, the Director reserves the right to call rebuttal witnesses as needed, including rebuttal experts.

## CONCLUSION

For the reasons in his motion to reconsider, the Director respectfully requests that no hearing be held. If a hearing is to be held, then the Director respectfully requests that such hearing be limited to the live testimony of Patrick McCann and no other discovery mechanism be permitted.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KEN PAXTON<br>Attorney General of Texas |
|  | JEFFREY C. MATEER<br>First Assistant Attorney General |
|  | MARK PENLEY<br>Deputy Attorney General<br>for Criminal Justice |
|  | EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division |
| *Counsel of Record | s/ Gwendolyn S. Vindell<br>GWENDOLYN S. VINDELL*<br>Assistant Attorney General<br>State Bar No. 24088591<br>Southern ID No. 2202376 |
|  | P.O. Box 12548, Capitol Station<br>Austin, Texas  78711<br>Phone: (512) 936-1400<br>Facsimile: (512) 936-1280 |
|  | ATTORNEYS FOR RESPONDENT |

**CERTIFICATE OF SERVICE**

      I do herby certify that on August 31, 2020, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Jeremy Don Schepers
Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
jeremy_schepers@fd.org

                                          s/ Gwendolyn S. Vindell
                                          GWENDOLYN S. VINDELL
                                          Assistant Attorney General