IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEXTER DARNELL JOHNSON**, § | | |
| *Petitioner*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:19-CV-03047 | |
| § | | |
| **BOBBY LUMPKIN**, Director, § | **DEATH PENALTY CASE** | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| *Respondent*. § | | |

### PETITIONER'S STATUS REPORT

Counsel for Petitioner Dexter Johnson respectfully submits this Status Report in response to the Court's Order granting an evidentiary hearing and directing the parties to file a status report describing the timing and scope, what witnesses they wish to call, and what evidence they will present at the hearing. (Docket Entry No. 18 at 26). This Court ordered an evidentiary hearing "on the question of whether [Patrick] McCann's representation rendered Johnson's *Atkins* claim previously unavailable and whether it entitles Johnson to equitable tolling." (Docket Entry No. 18 at 25). In light of the Court's order, Mr. Johnson requests the following:

**A.  Scope of the Hearing**

In its Order, this Court stated that additional factual development related to Mr. McCann's representation is necessary before the Court can fairly adjudicate whether Mr. Johnson is entitled to proceed with his successive petition and whether

1

Mr. Johnson's petition is timely. *Id.* To determine whether Mr. McCann could have amended Mr. Johnson's initial federal habeas petition to include the *Atkins* claim, this Court stated that it would need to determine "what duty an attorney has to keep abreast of such developments [in the DSM-5 standards], which is conditioned by both the individual facts of the case and the state of legal precedent." *Id.* at 18. Noting the harsh legal landscape surrounding *Atkins* claims in Texas at the time, and the daunting procedural hurdles in federal court, this Court determined that the core of the feasibility argument is "whether McCann should have raised a claim during the pendency of the initial proceedings." *Id.* at 19. However, the Court observed that the record does not yet explain why Mr. McCann failed to do so or whether his representation was so deficient as to render the *Atkins* claim functionally unavailable. *Id.* at 20. Moreover, to determine whether Mr. Johnson merits equitable tolling, the Court stated that it would require evidence as to whether Mr. McCann's actions in this case rose to the level of professional misconduct and noted that "questions remain about why he did not diligently pursue an *Atkins* claim." *Id.* at 22, 25; *see also Holland v. Florida*, 560 U.S. 631, 649–53 (explaining that professional misconduct may constitute extraordinary circumstances justifying equitable tolling).

Based on this Court's order, Mr. Johnson seeks to present evidence on (1) whether Mr. McCann could have feasibly amended the initial federal petition to include an *Atkins* claim, (2) whether Mr. McCann's actions rose to the level of professional misconduct justifying equitable tolling, and (3) evidence related to Mr. McCann's credibility as a witness.

**B.     Witnesses and Evidence**

Mr. Johnson anticipates calling the following witnesses:

1. Patrick McCann will testify regarding his actions and reasoning during his representation of Mr. Johnson in order to assist this Court in determining whether it was feasible for Mr. McCann to amend the initial federal habeas petition to include an *Atkins* claim and whether Mr. Johnson is entitled to equitable tolling. As explained further in Mr. Johnson's Motion for Depositions, Mr. Johnson seeks to depose Mr. McCann before the hearing to fully develop these facts and streamline his presentation to the Court at the hearing.

2. Attorneys Anthony Osso and Jim Leitner represented Mr. Johnson at trial and will testify that Mr. McCann did not contact them or collect their files from Mr. Johnson's case until after the FPD was appointed to investigate the case. Mr. McCann has disputed this fact. *Johnson v. Davis*, 4:11-cv-2466 (S.D. Tex. Apr. 9, 2019) (Docket Entry No. 78). Their testimony is relevant because this Court will need to make credibility determinations and decide whether Mr. McCann's actions while representing Mr. Johnson were more than mere neglect. *See* (Docket Entry No. 18 at 24). While reserving the right to call Mr. Leitner and Mr. Osso at the hearing, if depositions are granted, Mr. Johnson anticipates that he will introduce their depositions in lieu of live testimony.

3. Robert P. Schuwerk is an expert in the field of attorney ethics and will testify as to the ethical duties of an attorney and the corresponding disciplinary rules to assist the court in determining whether Mr. McCann's actions rose to the level of professional misconduct. He will testify that Mr. McCann's actions in this case violated his fiduciary duty of loyalty to Mr. Johnson. *See Johnson v. Davis*, 4:11-cv-02466 (S.D. Tex. June 24, 2019) (Docket Entry No. 25-2). This testimony is relevant for Mr. Johnson to establish that Mr. McCann's actions constituted "serious instances of attorney misconduct" and merit equitable tolling. *See* (Docket Entry No. 18 at 24) (quoting *Christeson v. Roper*, 547 U.S. 373, 378 (2015)).

4. Mr. Johnson will identify an attorney experienced in capital habeas practice in Texas to testify as an expert witness. In its order granting an evidentiary hearing, this Court highlighted multiple relevant factual questions, including what duty an attorney has to keep abreast of developments in the DSM-5 and related legal precedent. *Id.* at 18. This expert will testify whether, under prevailing professional norms at the time, it was feasible to amend an *Atkins* claim into Mr. Johnson's initial federal petition. *See id.* at 19 (noting this Court's order disallowing amendment and the Texas legal landscape around *Atkins* may have discouraged an attorney from developing the claim). This expert will also testify regarding whether Mr. McCann's conduct in this case

4

rendered the *Atkins* claim functionally unavailable and whether his actions constituted professional misconduct justifying equitable tolling. *See id.* at 22–24.

### C. Schedule

Undersigned counsel anticipates going on maternity leave in late November or early December of this year. In light of the upcoming leave, Mr. Johnson requests the following:

1. That the Court order depositions be taken and expert reports submitted within 90 days of the Court's order. While undersigned counsel will be going on leave later this year, granting 90 days to take depositions and submit expert reports will permit the parties to develop the relevant facts and move the case forward in preparation for the hearing.

2. After the parties have taken depositions and submitted expert reports, Mr. Johnson requests that the Court order the parties to confer and submit a joint scheduling order for the final disclosure of witness lists and for the date of the hearing, taking into account undersigned counsel's upcoming leave status. Mr. Johnson estimates that this hearing will take no longer than two days.

Undersigned counsel has conferred with counsel for Respondent, Gwendolyn Vindell, regarding this Status Report. Respondent is opposed to all witnesses aside from Mr. McCann and is opposed to depositions. Respondent is amenable to scheduling the hearing around undersigned counsel's upcoming leave. However,

undersigned counsel was unaware of Respondent's request for a hearing via Zoom until Respondent filed her Status Report. Mr. Johnson does not agree to Respondent's requested timing, mid-November, or format, via Zoom. Mr. Johnson requests a live hearing be conducted when undersigned counsel returns from leave.

## CONCLUSION

Mr. Johnson respectfully requests this Court order the parties to take depositions and submit expert reports within 90 days of the Court's order. Petitioner further requests that the Court order the parties to submit a joint scheduling order for the evidentiary hearing following this 90-day period.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers
Supervisor, Capital Habeas Unit

*/s/ Jessica Graf*
Jessica Graf (24080615)
Assistant Federal Public Defender
Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, Texas 75202
Jessica_Graf@fd.org
(214) 767-2746
(214) 767-2886 (fax)

## CERTIFICATE OF SERVICE

    I, Jessica Graf, certify that on August 31, 2020, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, counsel for the Director, Gwendolyn Vindell.

                                      */s/ Jessica Graf*
                                      Jessica Graf