IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEXTER DARNELL JOHNSON**, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-03047 |
| | § | |
| **BOBBY LUMPKIN**, Director, | § | **DEATH PENALTY CASE** |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

**PETITIONER'S OPPOSED MOTION FOR LEAVE
TO CONDUCT DEPOSITIONS**

Mr. Johnson seeks leave to depose Patrick McCann, James Leitner, and Anthony Osso under Habeas Rule 6 and Federal Rule of Civil Procedure 45. The upcoming evidentiary hearing centers around Mr. McCann's actions while representing Mr. Johnson. The requested deposition testimony will develop facts necessary for this Court to determine whether Mr. Johnson may proceed on his successive habeas petition and whether the petition is timely. This Court should authorize pre-hearing depositions to allow Mr. Johnson to develop the necessary facts and streamline the evidence presented at the hearing.

**I.     Relevant Background**

On July 30, 2020, this Court ordered an evidentiary hearing "on the question of whether McCann's representation rendered Johnson's *Atkins* claim previously unavailable and whether it entitles Johnson to equitable tolling." (Docket Entry No.

1

18 at 25). Specifically, this Court noted that additional fact development is necessary because Mr. McCann's representation is the "lynchpin" for this Court's decision as to whether Mr. Johnson may proceed with his successive petition. *Id.* at 16. The Court highlighted multiple relevant factual questions including what duty an attorney has to keep abreast of developments in the DSM-5 and related legal precedent, why Mr. McCann did not seek to advance an *Atkins* claim after the DSM-5's publication, and whether Mr. McCann engaged in misconduct that rose above the level of mere neglect. *Id.* at 18–19, 23. In preparation for the hearing, the Court ordered the parties to confer and file a status report describing the scope and timing of the hearing. *Id.* at 25. This motion is filed in tandem with Mr. Johnson's Status Report.

**II.    Standard**

Rule 6 of the Rules Governing Section 2254 Cases affords judges considerable latitude to grant discovery in federal habeas proceedings. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) ("Rule 6(a) makes it clear that the scope and extent of . . . discovery is a matter confided to the discretion of the District Court."). Under Rule 6, a court may order discovery upon a showing of "good cause." Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908−09. When such a showing is made, "it is the duty of the courts to provide the necessary facilities and procedure for an adequate inquiry." *Murphy v. Johnson*, 205 F.3d 809, 813−14 (5th Cir. 2000).

### III. Request for Depositions

A deposition of Mr. McCann is warranted. The fundamental factual questions at issue at this stage of the proceedings require evidence of Mr. McCann's actions and reasoning during his representation of Mr. Johnson. The Court will need to determine whether it was feasible for Mr. McCann to amend the initial federal habeas petition to include an *Atkins* claim and whether Mr. Johnson is entitled to equitable tolling due to Mr. McCann's conduct. Mr. Johnson has alleged that it was not feasible to amend in the *Atkins* claim and that Mr. McCann engaged in professional misconduct throughout his representation of Mr. Johnson. Mr. McCann disputed Mr. Johnson's allegations. *Johnson v. Davis*, 4:11-cv-2466 (S.D. Tex. Apr. 9, 2019) (Docket Entry No. 78). A deposition of Mr. McCann is warranted to permit Mr. Johnson to develop the facts this Court deemed relevant and appropriately narrow the presentation of evidence presented to the Court at the upcoming hearing. *See, e.g.*, *Green v. Davis*, 4:13-cv-1899 (S.D. Tex. Apr. 11, 2018) (granting pre-hearing depositions); *Washington v. Davis*, 4:07-cv-721 (S.D. Tex. June 10, 2019) (same); *Prible v. Stephens*, 4:09-cv-1896 (S.D. Tex. Nov. 13, 2015) (same).

Mr. Johnson also requests to depose trial counsel Jim Leitner and Anthony Osso. The depositions will be limited to disputed facts at issue in this case—primarily whether Mr. McCann collected trial counsels' files at any point prior to this Court appointing the Federal Public Defender's Office to represent Mr. Johnson. Mr. Johnson has alleged that Mr. McCann did not perform basic, necessary duties in his representation, as supported by statements from trial counsel. Mr. McCann has

disputed these facts. *Johnson v. Davis*, 4:11-cv-2466 (S.D. Tex. Apr. 9, 2019) (Docket Entry No. 78). Mr. Johnson is not seeking to develop lengthy, wide-ranging testimony from trial counsel, but merely the opportunity to present evidence in support of disputed factual allegations. This testimony is relevant to Mr. McCann's conduct while representing Mr. Johnson and his credibility as a witness. If depositions of trial counsel are granted, Mr. Johnson anticipates that he will offer the depositions in lieu of calling trial counsel to testify at the hearing.

## CONCLUSION

Mr. Johnson has established good cause for the limited, relevant discovery requested here. Depositions of Mr. McCann, Mr. Leitner, and Mr. Osso will be directly relevant to the factual determinations this Court will make regarding Mr. Johnson's successive petition and will allow for a streamlined presentation of evidence at the hearing. If granted, Mr. Johnson will work with Respondent and the witnesses to select a time and place agreeable to all parties.

Respectfully submitted,

JASON D. HAWKINS<br>
Federal Public Defender

Jeremy Schepers<br>
Supervisor, Capital Habeas Unit

*/s/ Jessica Graf*<br>
Jessica Graf (24080615)<br>
Assistant Federal Public Defender<br>
Office of the Federal Public Defender<br>
Northern District of Texas<br>
525 S. Griffin St., Ste. 629<br>
Dallas, Texas 75202<br>
Jessica_Graf@fd.org<br>
(214) 767-2746<br>
(214) 767-2886 (fax)

## CERTIFICATE OF CONFERENCE

I, Jessica Graf, certify that on August 21, 2020, I conferenced this motion with Gwendolyn Vindell of the Texas Attorney General's Office. She informed me that the Director opposes this motion.

/s/ Jessica Graf<br>
Jessica Graf

## CERTIFICATE OF SERVICE

I, Jessica Graf, certify that on August 31, 2020, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, counsel for the Director, Gwendolyn Vindell.

/s/ Jessica Graf<br>
Jessica Graf

5