United States District Court
Southern District of Texas
**ENTERED**
November 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3047 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Texas death-row inmate Dexter Johnson seeks leave to file a successive federal habeas petition based on the question of whether intellectual disability precludes his execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). (Docket Entry No. 8). On July 30, 2020, the Court denied Respondent Bobby Lumpkin's motion to dismiss. (Docket Entry No. 18). The Court also ordered an evidentiary hearing limited to the specific question of whether initial federal habeas counsel Patrick McCann's "representation rendered Johnson's *Atkins* claim previously unavailable and whether it entitles Johnson to equitable tolling." (*Id*. at 25). The Court also ordered the parties to file a status report describing "what witnesses they wish to call," "what evidence that they will present," and what time would be "necessary to conduct the hearing." (*Id*. at 26).

The parties have submitted separate status reports (Docket Entry Nos. 20, 22). While both parties agree that a short evidentiary hearing will be sufficient to resolve the outstanding issues, they disagree as to which witnesses may appear at the hearing and what preparation is necessary for their testimony. With that disagreement in mind, Johnson has filed an Opposed Motion for Leave to Conduct Depositions. (Docket Entry No. 23). In his motion, Johnson explains that he wants to depose witnesses before the evidentiary hearing.

Respondent disagrees with Johnson not only concerning the scope of the evidentiary development, Respondent disputes this Court's resolution of his motion to dismiss. To that end, Respondent has filed a lengthy Motion to Reconsider Order Partially Granting Evidentiary Hearing and Denying Director's Motion to Dismiss. (Docket Entry No. 21). Respondent contends that the Court's Order denying the motion to dismiss erred in its application of legal standards.[1]

The Anti-Terrorism and Effective Death Penalty Act's strict limitations on federal habeas proceedings governed this Court's review of Johnson's successive petition. This Court correctly recognized that "[a]t this stage of the proceedings, [it] has two duties: (1) decide whether Johnson is entitled to proceed with his successive petition and (2) examine the timeliness of Johnson's successive petition." (Docket Entry No. 18 at 1).[2] These duties derive from two separate inquiries under AEDPA: the successiveness provisions of 28 U.S.C. § 2244(b) and the timeliness requirements of 28 U.S.C. § 2244(d). Based on the statutory requirements, the Court's Order followed the general pattern set out by the Fifth Circuit in similar cases:

> A person in custody under a state-court judgment who moves to file a successive habeas petition in federal court must satisfy these requirements, as relevant here: (1) a claim presented in the second or successive habeas petition has not previously been presented in a prior application to this court, 28 U.S.C. § 2244(b)(1); (2) the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A); and (3) the claim has merit. *Johnson*, 935 F.3d at 291, 294; *Cathey*,

---

[1] Before turning to the substance of Respondent's motion, the Court observes that, without any intervening change in the law or justifiable explanation, Respondent's pending motion stakes out various positions contrary to that argued in his motion to dismiss. As accurately described by Johnson, Respondent "spend[s] 40 pages staking out a position wholly contrary to that taken in prior pleadings, attempting to re-litigate arguments already dismissed by the Fifth Circuit and this Court, and endeavoring to persuade this Court it is not bound by the circuit court's interpretation of the law." (Docket Entry No. 25 at 1). Respondent could, and should, have raised those arguments in his motion to dismiss.

[2] Respondent argues that the successiveness and timeliness questions are separate statutory inquiries and that the Court conflated the two standards. Contrary to Respondent's arguments, the structure and language of the Court's Order clearly distinguished between the two inquiries. *See, e.g.,* Docket Entry No. 15 at 14-15 ("*In addition to the successive petition standards*, an inmate must also comply with AEDPA's other requirements. . . . In particular, AEDPA established a one-year limitations period[.]") (emphasis added). The Court's opinion discussed AEDPA successiveness standards and limitations period in different sections. In fact, the Court's discussion of timeliness followed a subsection entitled "Conclusion of Successive Petition Review." (Docket Entry No. 15 at 21).

>857 F.3d at 226. We must also determine whether the claim is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

*In re Milam*, No. 20-40663, ___ F. App'x ____ (5th Cir. Oct. 27, 2020).

Using that same framework, the Court found that Johnson relied on *Atkins*, a new rule of constitutional law. The Court also found that, even though Johnson's *Atkins* claim was unavailable before the publication of a new diagnostic manual ("DSM-5"), the Court still needed additional information from his initial federal habeas attorney Patrick McCann before authorizing successive proceedings. The Court also found that more information was needed from Mr. McCann before deciding whether Johnson's *Atkins* claim was timely.

Respondent's motion for reconsideration raises arguments under four sections, each supported by various sub-arguments. First, Respondent argues that the Court cannot consider the question of timeliness before deciding whether he can proceed on his successive action. Second, Respondent contends that factual development is not necessary to decide the successiveness question. Third, Respondent argues that Johnson has not shown good cause for a hearing. Finally, Respondent contends that the hearing should be limited to Mr. McCann's testimony.[3]

After reviewing this Court's Order, the pleadings, and the relevant law, the Court finds that Respondent has not shown error in the earlier decision. The Court again finds that dismissal is not appropriate at this stage and that an evidentiary hearing is necessary to develop crucial factual issues.

**I.     Jurisdiction to Decide Timeliness**

In the motion to dismiss, Respondent argued that "the jurisdiction of this Court and the timeliness of Johnson's claim must be decided before any resolution on the underlying claim." (Docket Entry No. 13 at 4). Respondent moved for dismissal because "this Court can and should

---

[3] The Court bases this list on the headings from Respondent's motion for reconsideration.

3

find Johnson's petition both successive and time-barred." (*Id*. at 3). The Court ordered that the evidentiary hearing testimony may include "the question of whether McCann's representation . . . entitles Johnson to equitable tolling" of the limitations period. (Docket Entry No. 18 at 25). Without identifying any intervening change in the law, Respondent now contends that "[u]ntil the court determines that it has jurisdiction, it cannot consider timeliness." (Docket Entry No. 21 at 3).

AEDPA precludes jurisdiction over the merits until a court determines whether an inmate has complied with the specific successiveness provisions of section 2244(b). Respondent, however, has not brought forth persuasive authority suggesting that a district court must conclusively resolve the successiveness question before considering timeliness under section 2244(d). The Fifth Circuit considers timeliness before jurisdiction over the merits has vested. *See In re Wood*, 648 F. App'x 388, 390 (5th Cir. 2016); *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015); *see also Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2010) (finding no jurisdiction under the successiveness provision but still considering timeliness). The Fifth Circuit has previously considered the question of timeliness without addressing whether an inmate meets AEDPA's threshold successiveness provisions. *See In re Johnson*, 325 F. App'x 337, 341 (5th Cir. 2009). Respondent has not submitted any specific authority indicating that a district court cannot likewise consider the question of timeliness concurrent to, or before, the question of successiveness. The Court, therefore, finds no error in addressing the timeliness of Johnson's petition under section 2244(d) before deciding whether jurisdiction exists over the merits.

## II.    Factual Development Necessary to Determine Jurisdiction

In a heading labeled "no further factual development is warranted to determine this Court's jurisdiction," Respondent raises lengthy arguments relating to law developed by the Fifth Circuit

in successive-habeas cases. (Docket Entry No. 21 at 7).[4] Respondent expresses disagreement with various features of the Fifth Circuit's successiveness inquiry in the *Atkins* context. With that disagreement, Respondent argues that his "argument essentially boils down to the argument that this Court's duty to examine its own jurisdiction in its second gate-keeping function is not circumscribed by the Fifth Circuit's determinations in a proceeding that is explicitly tentative." (Docket Entry No. 27 at 4).[5] Respondent's objection to this decision is two-fold: (1) a district court is not bound by a circuit court's *prima facie* review in the individual case and, more broadly, (2) any circuit court law developed in the *prima facie* review of section 2244(b)(3) does not apply in the district court's 2244(b)(4) analysis.[6]

While Respondent is correct that this Court must consider the application of section 2244(b) in a fresh light, Respondent takes the argument too far by arguing that a district court's assessment is independent of circuit law. Respondent does not cite any law instructing district

---

[4] Specifically, Respondent argues that (1) this Court cannot apply law developed in a circuit court's *prima face* review in the district court's more-thorough successiveness inquiry; (2) the *Atkins* decision was previously available to Johnson; (3) the DSM-5 itself did not establish a new rule of constitutional law; and (4) there is not futility exception in the successiveness inquiry that would make a claim previously unavailable as is at issue in this case; (5) the advent of the DSM-5 did not make an *Atkins* claim previously unavailable; and (6) developments in the Supreme Court's *Atkins* jurisprudent do not render his claim previously unavailable.

[5] For example, Respondent faults this Court for accepting the Fifth Circuit's application of precedent as follows:

> Johnson, nevertheless, argues that *Atkins* was unavailable because the DSM-5 fundamentally changed the framework for intellectual disability. The Fifth Circuit tentatively approved successive proceedings because it had previously decided in *In re Cathey*, 857 F.3d 221 (5th Cir. 2017), "that it is correct to equate legal availability with changes in the standards for psychiatric evaluation of the key intellectual disability factual issues raised by *Atkins*." *In re Johnson*, 935 F.3d 284, 293-94 (5th Cir. 2019). Respondent asserts "that *Cathey* was effectively overruled by the Supreme Court in *Shoop v. Hill*, 139 S. Ct. 504, 507-08 (Jan. 7, 2019) (per curiam)." (Docket Entry No. 13 at 31). The Court does not need to discuss this argument because the Fifth Circuit conclusively held that "*Shoop* . . . did not overrule *Cathey* . . . ." *Johnson*, 935 F.3d at 293. This Court lacks authority to overrule the Fifth Circuit on that legal determination. The Court will consider Johnson's *Atkins* claim to be previously unavailable until the publication of the DSM-5 in May 2013.

(Docket Entry No. 18 at 16-17).

[6] Specifically, Respondent envisions two independent paths of habeas law: that for cases which are "in the authorization stage" and that for those under "the second gatekeeping inquiry." (Docket Entry No. 21 at 11). Respondent does not provide any precise precedent for this novel interpretation of the section 2244(b) inquiries.

courts to ignore a circuit court's legal analysis—such as whether an *Atkins* claim was previously unavailable until the advent of the DSM-5—only because the circuit court developed that law in the threshold Section 2244(b)(3) context. Respondent has not shown anything substantively different about a district court's successiveness review that would require an application of precedent different from that of a circuit court.[7]

Even treating a circuit court's law created under section 2244(b)(3) as non-binding, the Court finds the Fifth Circuit's reasoning tentatively authorizing successive review to be persuasive. This Court's Order applied circuit law and extensively discussed how a viable *Atkins* claim may have been unavailable to Johnson until the new psychological standards in the DSM-5 fundamentally changed the framework for intellectual disability. While considering the facts of Johnson's case afresh, this Court recognized that questions remained because the advent of the DSM-5, and the procedural posture of this case at that point in time, made it difficult for Johnson to insert an *Atkins* claim into the ongoing litigation. The Court also acknowledged that Texas jurisprudence had fashioned a test for determining intellectual disability that would have rendered the changes wrought by the DSM-5 meaningless until judicial intervention. Throughout each of the relevant circumstances, the Court found that the representation by Mr. McCann was the "lynchpin" to deciding whether the *Atkins* claim was previously unavailable. (Docket Entry No. 18 at 16). The Court found that testimony from Mr. McCann would aid in determining whether it would have been feasible to raise an *Atkins* claim in the initial proceedings soon after the DSM-5 was published. (Docket Entry No. 18 at 20). In short, Respondent has not shown error in this Court's decision to allow factual developed in its section 2244(b)(4) review.

---

[7] To be sure, Respondent cites to law preventing this Court from considering the merits of a claim before establishing jurisdiction under Section 2244. The Court, however, expressly held that it "has no authorization to address the merits until deciding whether Johnson has complied with Section 2244's requirements." (Docket No. 18 at 25).

### III. Good Cause for a Hearing

Respondent disputes whether a hearing is necessary "on the notion that federal habeas counsel's performance can render a claim unavailable." (Docket Entry No. 21 at 30. This Court based its decision to hold a hearing, in part, on the Fifth Circuit's suggestion in *In re Wood*, 648 F. App'x 388, 391 (5th Cir. 2016), that an "*Atkins* claim may be previously unavailable when a petitioner's 'representation in the initial federal habeas proceedings was so deficient as to render the *Atkins* claim functionally unavailable.'" (Docket Entry No. 18 at 17) (quoting *Wood*, 648 F. App'x at 392). Respondent argues that this Court should not have relied on "the Fifth Circuit's reference in *Wood* to federal habeas counsel's performance as it might relate to successiveness" because it "is plainly dicta." (Docket Entry No. 21 at 30). The Court, however, finds the reasoning in *Wood* persuasive and will consider in the evidentiary hearing whether Mr. McCann's representation rendered the *Atkins* claim previously unavailable.

The Court extensively discussed in its Order the application of the AEDPA standards and how more information is necessary about Mr. McCann' representation to decide whether an *Atkins* claim was previously unavailable. For the reasons sufficiently discussed in that Order, the Court finds that Respondent has provided no basis to reconsider its decision.

### IV. Scope of the Evidentiary Hearing and Depositions

Respondent's motion for reconsideration also asks the Court to define the scope of the evidentiary hearing. The Court held: "Johnson has not yet described what evidence he wishes to present or what witnesses he would like to call in an evidentiary hearing. While the parties will have some latitude, the Court anticipates that McCann's testimony will be the centerpiece of that inquiry and the need for additional witnesses or evidence is limited." (Docket Entry No. 18 at 24). In the briefing addressing the motion for reconsideration and in the status reports, the parties

7

disagree about the scope of the hearing and the preparation necessary for it. Johnson explains in his status report that he wishes to call as witnesses in the hearing: (1) Mr. McCann, (2) both of his trial attorneys, and (3) two expert witnesses. Johnson has also filed an Opposed Motion for Leave to Conduct Depositions (Docket Entry No. 23) asking for leave to depose the witnesses before their testimony.

Johnson wants to depose Mr. McCann before the hearing. Respondent argues that deposing Mr. McCann before taking his live testimony is unnecessary. Respondent, however, does not point to any law or evidentiary rule explicitly precluding his deposition before the evidentiary hearing. The Court authorizes the parties to depose Mr. McCann with the expectation that it will serve "to develop the facts this Court deemed relevant and appropriately narrow the presentation of evidence presented to the Court at the upcoming hearing." (Docket Entry No. 23 at 3).

Johnson wishes to present testimony from his trial attorneys but is willing to do so by deposition. Johnson seeks to depose his trial attorneys on narrow grounds, which are the "disputed facts at issue in this case—primarily whether Mr. McCann collected trial counsels' files at any point prior to this Court appointing the Federal Public Defender's Office to represent Mr. Johnson." (Docket Entry No. 23 at 3). Federal law expressly provides: "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit." 28 U.S.C. § 2246. The Court authorizes Johnson to depose his trial attorneys within the narrow grounds he has specified. It is not necessary for Johnson to submit the deposition testimony in the evidentiary hearing, but each party may submit briefing after the depositions are taken.

Finally, in his status report Johnson indicates that he wants to call two expert witnesses in the evidentiary hearing: an expert in legal ethics and an expert in capital habeas practice. (Docket

Entry No. 22 at 4). Respondent, however, objects that such testimony would be unnecessary and irrelevant:

> Expert testimony as to the purported standard of care or the reasonableness of McCann's decisions is unnecessary and inappropriate because such testimony would not assist the Court in understanding the evidence or determining a fact in issue, *i.e.*, the knowledge possessed by McCann and the strategic choices he made. Fed. R. Evid. 702; *see Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Owen v. KerrMcGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Consequently, the testimony would be inadmissible. The Eleventh Circuit has forcefully held that "the reasonableness of a strategic choice is a question of law to be decided by the court, not a matter subject to factual inquiry and evidentiary proof." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Thus, "it would not matter if a petitioner could assemble affidavits from a dozen attorneys swearing that the strategy used at his trial was unreasonable. The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony." *Id*. It is instead a "question of law to be decided . . . by the district court[.]" *Id*. The Fifth Circuit explicitly agreed with this reasoning when it held that a district court did not abuse its discretion in refusing to consider expert attorney affidavits. *See Johnson v. Quarterman*, 306 F. App'x 116, 129 (5th Cir. 2009); *see also Mamou v. Stephens*, No. H-14-403, 2014 WL 4274088, at *6 (S.D. Tex. Aug. 28, 2014) (denying petitioner's request for funding to retain a purported expert on the standard of care in capital cases). Indeed, the *Johnson* court quoted with approval the district court's reasoning that the court was "intimately acquainted with the legal standards governing ineffective assistance of counsel claims. Expert testimony purporting to tell the court how those legal standards apply to the facts of a particular case invade the court's province as the trier of the law[.]" *Johnson*, 306 F. App'x at 128. The Director is confident that so too is this Court both well-acquainted with, and more than capable of applying, the law governing ineffectiveness allegations without the assistance of an expert.

(Docket Entry No. 20 at 3-4).

The Court finds that Respondent's objection to the admission on the expert testimony is well-taken. Simply, "the determination of whether trial counsel's representation complied with constitutional standards is an issue for the courts to decide, not an attorney, and an attorney affidavit is not relevant." *Mamou v. Stephens*, 2014 WL 4274088, at *6 (S.D. Tex. 2014). The Court, therefore, will not authorize Johnson to present evidence from expert witnesses in the

9

evidentiary hearing or subsequent briefing. The Court likewise finds that testimony from those experts by deposition or affidavit is not relevant or useful.

## V. CONCLUION

The Court **denies** Respondent's motion for reconsideration. (Docket Entry No. 21). The Court **grants in part** Johnson's motion for discovery. (Docket Entry No. 23). Johnson may depose his trial attorneys and his initial federal habeas counsel Mr. McCann. Johnson is only authorized to present testimony from Mr. McCann in the evidentiary hearing.

The Court has not yet set a date for the evidentiary hearing. The Court directs the parties to confer about a proposed date for the hearing and provide the Court with suggested dates.

The Clerk will provide copies of this Order to the parties.

SIGNED on November 20, 2020 at Houston, Texas.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE