United States District Court
Southern District of Texas
**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEXTER JOHNSON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-3047 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## ORDER

In 2019, Petitioner Dexter Darnell Johnson filed an Amended Second or Successive Petition for Writ of Habeas Corpus. (Docket Entry No. 8). The core of Johnson's successive petition argues that he is an intellectually disabled person who is exempt from execution under *Atkins v. Virginia*, 536 U.S. 303 (2002). The Court ordered an evidentiary hearing that will focus on Johnson's state habeas representation to help decide two questions: (1) whether Johnson is entitled to proceed with his successive petition and (2) whether the Court can consider the successive petition in light of the Anti-Terrorism and Effective Death Penalty Act's timeliness provisions.

On June 2, 2021, Respondent Bobby Lumpkin filed an Opposed Motion for Leave to Conduct Discovery. (Docket Entry No. 34). Respondent seeks discovery relating to state habeas counsel Patrick McCann's representation relating to any potential *Atkins* claim. To that end, Respondent requests documents from the files of Mr. McCann, trial counsel, and the trial mitigation specialist. (Docket Entry No. 34).

Johnson opposes portions of Respondent's discovery motion. (Docket Entry No. 42). Johnson's briefing places the requested material into three categories. First, Johnson agrees to disclose of some the material, subject to a protective order. Second, Johnson has searched through

the material and found nothing relating to several requests. Respondent does not dispute Johnson's inability to comply with those requests. Third, Johnson argues that some of Respondent's requests are not relevant to the matters currently before the Court.

"By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy," Johnson has "put at issue—and thereby [has] waived—any privilege that might apply" to the extent it may bear "on his attorneys' strategic choices." *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *see also In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance"); *Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003) (noting "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue"). The informal waiver of attorney/client privilege when challenging an attorney's performance has become so axiomatic in the Fifth Circuit that it applies "the old aphorism that 'no man can have his cake and eat it too.'" *United States v. Woodall*, 438 F.2d 1317, 1326 (5th Cir. 1971). Simply, "the privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where . . . the client alleges a breach of duty to him by the attorney, [federal courts] have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue." *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

This waiver, however, is limited to communications pertinent to his current claims for relief. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'"). In adjudicating Respondent's motion, this Court must decide whether discovery is appropriate and also must decide whether to limit the use of the discovery material in this case or hypothetical future judicial proceedings.

First, Johnson does not oppose the discovery of the following material from McCann's files, subject to a protective order:

- McCann's billing statements and timesheets
- Correspondence to McCann from Johnson and correspondence from Johnson to McCann
- Expert reports, including psychological or mental capacity reports.
- Documentation regarding McCann's appointment and withdrawal from representation of Johnson.
- Any draft pleading prepared by McCann that relates to a claim under *Atkins*.

(Docket Entry No. 42 at 5). Respondent does not object to a protective order would limit disclosure of discovery material to other governmental entities, and specifically for use in any retrial. (Docket Entry No. 43 at 5, n.4). Johnson, however, requests a protective order that would limit the use of discovery material in any adjudication of a substantive *Atkins* claim. Johnson argues:

> But to the extent a waiver has occurred here based on the allegations raised, the scope of Mr. Johnson's waiver of attorney-client privilege extends only to documentation relevant to his arguments for equitable tolling and the previous unavailability of his *Atkins* claim under 28 U.S.C. § 2244(b)(2)(A). He has not waived privilege for all time and all purposes, including any subsequent hearing on the merits of his *Atkins* claim or any possible retrial.

(Docket Entry No. 42 at 3).

The Court is not convinced, however, that the interests of justice are served by the proposed limits on discovery. Johnson has not presented any precedent that would support his alleged waiver of the privilege for some purposes, but not others, during habeas litigation. The Court finds that Johnson has not shown that any discoverable material should be shielded by the attorney-client privilege for only portions of this lawsuit. Accordingly, the Court will issue a protective order, but only one that limits the use of the discovery material in possible future criminal prosecution.

Johnson opposes three of the Director's discovery requests as irrelevant and overbroad. Specifically, Johnson objects to the discovery of: (1) "[a]ny records or communications [from

3

McCann's files] that bear on Johnson's mental health and capabilities"; and (2) "[a]ny documents or records sent to McCann [and available in the trial team files] related to Johnson's psychological or mental capacity"; and (3) any draft of state habeas or federal habeas applications prepared by McCann, other than portions specially relating to his *Atkins* claim. (Docket Entry No. 34 at 6-7). The Court finds that the requests are relevant and sufficiently narrowly tailored to the questions now before the Court. As Johnson has challenged McCann's strategic decision and tactical choices, the Court also finds that drafts of his habeas pleadings are relevant to these proceedings.

Accordingly, the Court **GRANTS** Respondent's motion for discovery consistent with this Order. The discovery material will be subject to a protective order. Respondent may not disclose any of the contents of these documents or the documents themselves to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies, without an order from this Court. This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply if a retrial of all or any portion of Johnson's criminal case occurs.

The parties will submit a new joint proposed scheduling order for the continuation of this lawsuit within thirty (30) days from the entry of this Order.

The Clerk will provide copies of this Order to the parties.

SIGNED on _____SEP 0 8 2021_____ at Houston, Texas.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE