IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER DARNELL JOHNSON, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-03047 |
| | § | |
| BOBBY LUMPKIN, Director, | § | DEATH PENALTY CASE |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

### PETITIONER'S RESPONSE TO THE DIRECTOR'S OPPOSED EMERGENCY MOTION TO TAKE PATRICK MCCANN'S DEPOSITION BY ZOOM

Petitioner Dexter Johnson respectfully requests that this Court deny the Director's Opposed Emergency Motion To Take Patrick McCann's Deposition By Zoom. On Sunday, Assistant Federal Public Defender ("AFPD") Michael Kawi, the attorney who will conduct Mr. McCann's deposition, tested positive for COVID-19. Mr. Johnson promptly notified the Director and Mr. McCann and attempted to identify a new date within the timeframe set out by this Court's scheduling order to conduct the deposition, while also allowing Mr. Kawi time to recover and to permit the deposition to be in person as previously agreed. Due to Mr. McCann's schedule, no agreeable date is available within this Court's scheduling order. Rather than agreeing to a short extension of the deposition deadline, the Director insists that Mr. McCann's deposition must proceed Friday, January 21, over Zoom.

1

The Director's insistence that an attorney suffering from the effects of COVID-19 conduct Mr. McCann's deposition at a time and in a manner of the Director's choosing, or that another unprepared FPD attorney conduct that deposition, will significantly prejudice Mr. Johnson. Moreover, the Director's position is wholly unjustifiable in light of his history of dilatory litigation of this case. The Director's prior conduct has already resulted in a seven-month delay in conducting Mr. McCann's deposition, yet he now seeks to oppose a short continuation of the deposition deadline.[1]

## I. Background.

Mr. Johnson's case is pending before this Court on a successive federal habeas petition that was authorized to proceed by the United States Court of Appeals for the Fifth Circuit. Doc. 8 at 13. On July 30, 2020, this Court ordered "an evidentiary hearing on the question of whether [Patrick] McCann's representation rendered Johnson's *Atkins* claim previously unavailable and whether it entitles Johnson to equitable tolling." Doc. 18 at 25. Recognizing that "McCann's testimony will be the centerpiece" of that hearing, this Court granted Mr. Johnson's opposed request to depose Mr. McCann "with the expectation that it will serve 'to develop the facts this Court deemed relevant and appropriately narrow the presentation of evidence presented to the Court as the upcoming hearing.'" Doc. 28 at 7–8 (quoting Doc. 23 at 3). This Court also granted Mr. Johnson permission to depose his trial attorneys, Jim Leitner and Anthony Osso, regarding one limited, uncomplicated issue. *Id.* at 28. This

---

[1] Mr. Johnson does not seek to amend any of the other deadlines previously ordered by this Court.

Court subsequently ordered that these depositions occur "no later than January 28, 2022, at a time agreeable to the parties." Doc. 48. at 1.

After conferring with each other and the witnesses to be deposed, all parties agreed to conduct the depositions of Mr. Osso on January 5 over Zoom, of Mr. Leitner on January 19 over Zoom, and of Mr. McCann in Houston in person on January 21. The deposition of Mr. Osso occurred as agreed and was conducted by AFPD Michael Kawi on behalf of Mr. Johnson.

On Sunday, January 16, Mr. Kawi tested positive for COVID-19. He is currently symptomatic and has experienced worsening symptoms since his positive test result. These symptoms have included grogginess, extreme fatigue, severe congestion, persistent headache, sore throat, and intermittent loss of voice.

Counsel for Mr. Johnson promptly notified the Director of this development. Despite Mr. Kawi contracting COVID-19, counsel for Mr. Johnson explained that they were willing to conduct the scheduled deposition of Mr. Leitner (which occurred today), but that Mr. McCann's deposition would need to be rescheduled, offering Friday, January 28, as an alternate date—assuming that Mr. Kawi is asymptomatic and receives a negative COVID-19 test prior to then. Counsel for Mr. Johnson were willing to proceed with Mr. Leitner's deposition 1) because it was expected to be significantly shorter in duration than Mr. McCann's deposition; 2) it was exceedingly narrow in scope and complexity, being limited by court order to the question of whether Mr. McCann ever retrieved the original files from trial counsel; and 3) was not expected to require the exchange or review of any documents during the

deposition. For these reasons, Mr. Johnson agreed in advance of the trial counsel depositions that they could proceed via Zoom without Mr. Johnson suffering any prejudice.

Counsel for Mr. Johnson likewise contacted Mr. McCann via email on Sunday regarding the need to reschedule the deposition. After a follow up email and phone call,[2] counsel learned yesterday that Mr. McCann is unavailable on the 28th or any earlier day that week. Counsel is now awaiting word from Mr. McCann as to whether he has an available date on or before February 11 to conduct this deposition.[3]

Shortly after learning of Mr. McCann's unavailability to reschedule the deposition next week, counsel for Mr. Johnson notified the Director that they would be requesting a short extension to conduct Mr. McCann's deposition. Counsel noted that they have maintained that Mr. McCann's deposition should be in person, in light of its complexity and importance to the case. And, more importantly, that Mr. Kawi's current condition leaves him unable to effectively conduct the lengthy deposition of Mr. McCann on Friday. Counsel for Mr. Johnson also noted that, if an agreeable date on or before February 11 could be identified, he would not request an extension of any other deadline in the case except the deposition deadline.

---

[2] Mr. Johnson is not suggesting that Mr. McCann should have responded sooner, particularly considering the holiday Monday, but instead is showing his diligence in responding to the developments.

[3] Once Mr. McCann provides undersigned counsel with an available date, Mr. Johnson will file a motion requesting a short extension of the deposition deadline through that date.

The Director has subsequently filed an opposed emergency motion asking that the Court order Mr. McCann's deposition proceed via Zoom on Friday, notwithstanding Mr. Kawi's current COVID-19 status. Doc. 49.

Earlier today, the parties did complete Mr. Leitner's deposition as previously agreed and scheduled. Mr. Kawi informed all parties on the record at the outset of the proceeding that his symptoms had worsened since his positive COVID-19 test result, but that because the parties expected the deposition to be short, without complex document review, and exceedingly narrow in scope, he would attempt to complete it. Mr. Kawi was able to complete his direct examination portion of the deposition, but fatigue and mental grogginess after that point necessitated turning over primary responsibility for handling the deposition to undersigned counsel. This transfer of responsibility occurred within the first 20 minutes of the deposition. Undersigned counsel was able to conclude the deposition rather than suspending it due to the deposition's narrow scope and lack of complexity.

## II. Requiring the deposition to proceed on Friday will significantly prejudice Mr. Johnson.

Mr. Kawi's diagnosis of COVID-19 provides ample cause for a short extension of the deposition deadline. Obviously, Mr. Kawi's contracting of COVID-19 renders his presence at an in-person deposition on Friday impossible. That leaves this Court with two options: 1) granting a short extension of the deposition deadline or 2) granting the Director's motion and forcing Mr. Johnson to proceed with the deposition on Friday over Zoom, where either Mr. Kawi will have to conduct the

5

deposition while symptomatic with COVID-19 or a different, unprepared AFPD will have to conduct the deposition.

The Director suggests that Mr. Johnson simply substitute another attorney in Mr. Kawi's place. Doc. 49 at 5. Doing so, however, would significantly prejudice Mr. Johnson. Since his assignment to Mr. Johnson's case, Mr. Kawi is the only attorney who has spent significant time preparing to depose Mr. McCann. No other AFPD is prepared for, or able to effectively conduct, Mr. McCann's deposition on such short notice. When this Court ordered Mr. Johnson to prepare discovery disclosures relating to these depositions, Mr. Kawi spent the intervening months reviewing the voluminous documents required to prepare the disclosure and to be prepared for the deposition of Mr. McCann. No other AFPD is familiar enough with the documents to be prepared to depose Mr. McCann on Friday. Unfortunately as occurred today in Mr. Leitner's deposition, Mr. Kawi is too ill to undertake a longer, much more complex and wide-ranging deposition.[4]

Mr. Kawi's COVID-19 diagnosis provided more than enough reason to slightly delay the depositions of *both* Mr. Leitner and Mr. McCann. Yet, Mr. Johnson has made every effort to keep this case moving forward by conducting the comparatively short and straightforward Zoom deposition of Mr. Leitner today.

---

[4] Undersigned counsel is the supervising attorney of the Capital Habeas Unit of the Federal Public Defender's Office. Although he has appeared on pleadings, his role is in a supervisory capacity for Mr. Johnson and the twenty-two death-sentenced clients the office represents. It is Mr. Kawi that has undertaken the review of the large quantity of documents and prepared for Mr. McCann's deposition. Substituting in the undersigned, or any other attorney, to take Mr. McCann's deposition will lead to significant harm to Mr. Johnson at this late stage.

6

In contrast to Mr. Leitner, and as this Court has recognized, Mr. McCann's testimony is the "centerpiece" of the current litigation, Doc. 28 at 7, and good cause exists for a short delay of his deposition to allow it to be conducted in person. This is both a function of Mr. Kawi's contracting the virus, the crucial nature of Mr. McCann's testimony to this case, and the complexity of the legal and factual issues for that deposition.

### III. The Director's repeated history of dilatory litigation in this case belies his current position.

The Director offers no legitimate reason why a short extension of the deposition deadline (while leaving the other currently set dates unchanged) is not warranted under these circumstances. Considering the Director's repeated history of dilatory litigation in this case, his current insistence on proceeding forward under these circumstances is not justified.

The only reason that the depositions, and the hearing itself, have not already occurred is due to the Director's litigation tactics. The parties agreed to conduct Mr. McCann's deposition on June 9, 2021. Doc. 32 at 1. Just prior to those depositions occurring, the Director filed a last-minute request for substantial discovery. Doc. 34. The Director's dilatory litigation tactics forced Mr. Johnson to file an emergency motion to stay that deposition and other deadlines while the Director's discovery request was resolved. Doc 35. This Court noted that Mr. Johnson's motion to stay that scheduling order was "well taken" and granted the stay. Doc. 39 at 2.

This was not the first time that the Director chose to litigate this case in a dilatory manner. After this Court granted Mr. Johnson's request for an evidentiary

7

hearing, the Director filed a lengthy motion to reconsider that ruling. Doc. 21. This Court recognized the questionable timing of that motion in its order denying it:

> Before turning to the substance of Respondent's motion, the Court observes that, without any intervening change in the law or justifiable explanation, Respondent's pending motion stakes out various positions contrary to that argued in his motion to dismiss. As accurately described by Johnson, Respondent "spend[s] 40 pages staking out a position wholly contrary to that taken in prior pleadings, attempting to re-litigate arguments already dismissed by the Fifth Circuit and this Court, and endeavoring to persuade this Court it is not bound by the circuit court's interpretation of the law." (Docket Entry No. 25 at 1). Respondent could, and should, have raised those arguments in his motion to dismiss.

Doc. 28 at 2 n.1.

Absent the Director's chosen litigation path, Mr. McCann's deposition would have occurred over seven months ago, and the hearing itself five months ago. After being responsible for such a substantial delay, the Director's insistence that Mr. Johnson now not be allowed a short extension of only the deposition deadline is hard to fathom.

Moreover, the Director's reliance on deadlines in other cases is a separate question from whether a short extension of the deposition deadline is warranted to take Mr. McCann's deposition. *See* Doc. 49 at 4. The Director's motion identifies only three days with a scheduling conflict over the next three weeks. *Id.* If extending the deposition deadline here would create additional scheduling concerns for the Director, that should be resolved by the Director requesting any additional time he may need. A slight extension of time will not create any additional work for the Director, whereas requiring a different AFPD to conduct a deposition on Friday would substantially burden Mr. Johnson.

8

## IV. The Omicron surge and the proper remedy.

The Director argues in his motion that the parties should conduct the deposition of Mr. McCann via Zoom in part because of the current surge in COVID-19 cases being caused by the Omicron variant. Doc. 49 at 5–6. Mr. Johnson certainly agrees that the current public health crisis is a cause of great concern. But if the Director's position is that Mr. McCann's deposition cannot be safely conducted in the current state of affairs, the remedy is not to proceed via Zoom.

As we have seen over the past two years, many proceedings can be effectively converted to a virtual forum but others cannot be. This case presents examples of both. The depositions of trial counsel were completed via Zoom because of their lack of complexity, while Mr. McCann's will be quite complex, both in terms of the subject matter but also in terms of the documents, past filings, and media that may be reviewed with the witness during the deposition. Attempting to make these elements virtual less than 48 hours from the deposition when the attorney responsible for the proceeding is currently ill is unreasonable and is not possible for Mr. Johnson to do in an effective manner.

If the Director thinks that in-person proceedings cannot currently be conducted safely, even when Mr. Kawi is no longer contagious, then the proper remedy would be a continuance of the deadlines and the hearing, not an infringement on Mr. Johnson's ability to conduct Mr. McCann's deposition. Yet, as noted previously, Mr. Johnson remains ready to conduct Mr. McCann's deposition once Mr. Kawi has recovered.

## V.     Conclusion.

Mr. Johnson respectfully requests that this Court deny the Director's motion. Mr. Johnson will file a motion requesting a short extension of the deposition deadline once Mr. McCann identifies an available date.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers
Supervisor, Capital Habeas Unit

Michael Kawi
Assistant Federal Public Defender

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, Texas 75202
Jeremy_Schepers@fd.org
(214) 767-2746
(214) 767-2886 (fax)

## CERTIFICATE OF SERVICE

  I, Jeremy Schepers, certify that on January 19, 2022, a copy of the foregoing motion was delivered via ECF to the Texas Attorney General's Office, counsel for the Director, Gwendolyn Vindell.

                */s/ Jeremy Schepers*
                Jeremy Schepers