IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEXTER JOHNSON,  §<br>   Petitioner,  §<br>          §<br>v.          §<br>          §<br>BOBBY LUMPKIN, Director,  §<br>Texas Department of Criminal  §<br>Justice, Correctional Institutions  §<br>Division,  §<br>   Respondent.  § | No. 4:19-cv-3047<br>(Death Penalty Case) |

## RESPONDENT'S OBJECTIONS TO PETITIONER'S EXHIBITS AND DEPOSITION DESIGNATIONS

An evidentiary hearing is set in this case for March 31, 2022. Per the Court's scheduling order, ECF No. 48, the parties exchanged exhibits and deposition designations on March 10, 2022. ECF Nos. 54, 55. The parties' objections to those exhibits, depositions designations, and any other pre-hearing motions are due March 17, 2022. The Respondent hereby files the below objections to Johnson's exhibits and deposition designations. To the extent that the facts at the upcoming hearing undermine the Respondent's predictions about or understanding of how the exhibits may be used, the Respondent reserves the right to lodge additional and/or more specific objections.

I. **Respondent's Objections to Johnson's Exhibits**

Respondent objects to Johnson's exhibits as follows:

- Pet'r Ex. 1: Hearsay and double hearsay. *See* Fed. R. Evid. 801(c), 805.

- Pet'r Ex. 2: Hearsay. *See* Fed. R. Evid. 801(c). Should Johnson use this exhibit to refresh recollection or impeach via an inconsistent statement, an appropriate predicate would need to be laid to be potentially admissible.

- Pet'r Ex. 3: Hearsay. *See* Fed. R. Evid. 801(c).

- Pet'r Ex. 4: Hearsay. *See* Fed. R. Evid. 801(c). Should Johnson use this exhibit to refresh recollection or impeach via an inconsistent statement, an appropriate predicate would need to be laid to be potentially admissible.

- Pet'r Ex. 5 through 8, inclusive: Relevancy and wasting time. *See* Fed. R. Evid. 401, 403.

- Pet'r Ex. 9: Relevancy, wasting time, confusing the issue, hearsay, and double hearsay. *See* Fed. R. Evid. 401, 403, 801(c), 805.

- Pet'r Ex. 10: Hearsay on page 1, paragraph I, beginning "Mr. Hamilton had previously indicated . . ." *See* Fed. R. Evid. 801(c). Relevancy and wasting time to entire exhibit. *See* Fed. R. Evid. 401, 403.

- Pet'r Ex. 11: Relevancy and wasting time. *See* Fed. R. Evid. 401, 403.

- Pet'r Ex. 12: Relevancy, wasting time, and confusing the issue. *See* Fed. R. Evid. 401, 403. Further, another court's factual findings are hearsay. *See* Fed. R. Evid. 801(c); *United States v. Sine*, 483 F.3d 1021, 1031 (9th Cir. 2007) (government's use of factual findings contained in another judge's order during cross examination "unfairly prejudiced Sine" and "impermissibly placed hearsay evidence before the jury"); *Herrick v. Garvey*, 298 F.3d 1184, 1191 (10th Cir. 2002) (holding that evidence of a district court opinion was hearsay); *Int'l Land Acquisitions, Inc. v. Fausto*, 39 F. App'x

751, 756 (3rd Cir. 2002) (same); *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001) (factual findings made by district court in separate case are hearsay that cannot be judicially noticed or admitted); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (judicial fact-findings entered in state court in different case were hearsay); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (court cannot take judicial notice of another court's determination of mixed question of fact and law because it is not an "adjudicative fact" or beyond "reasonable dispute" as required by Federal Rule of Evidence 201).

- Pet'r Ex. 13: Relevancy, hearsay, and double hearsay. *See* Fed. R. Evid. 401, 703, 801(c), 805.

- Pet'r Ex. 14 through 17, inclusive: Relevancy and hearsay as to any factual findings. *See* Fed. R. Evid. 401, 801(c); *Sine*, 483 F.3d at 1031; *Herrick*, 298 F.3d at 1191; *Int'l Land Acquisitions, Inc.*, 39 F. App'x at 756; *U.S. Steel, LLC,* 261 F.3d at 1287; *Nipper*, 7 F.3d at 417; *Taylor*, 162 F.3d at 831 (5th Cir. 1998).

## II. Respondent's Objections to Johnson's Deposition Designations

### A. Anthony Osso Deposition

Respondent objects to the following portions of Johnson's designations:

| Start Page: Line | End Page: Line | Respondent's Objection |
| --- | --- | --- |
| 09:20 | 10:12 | Relevancy, wasting time, confusing the issue, and hearsay. Fed. R. Evid. 401, 403, 801(c). |
| 11:16 | 11:18 | Optional completeness. Fed. R. Evid. 106. Respondent designates page 45, line 11, through page 46, line 8.[1] |
| 13:16 | 14:03 | Relevancy, wasting time, confusing the issue. Fed. R. Evid. 401, 403. |

---

[1] Respondent attaches excerpts from the depositions in line with the optional completeness objections stated above. Pages from Osso's deposition are attached as Exhibit A, and pages from Leitner's deposition are attached as Exhibit B.

3

| Start Page: Line | End Page: Line | Respondent's Objection |
|---|---|---|
| 36:14 | 36:20 | Relevancy and confusing the issue. Fed. R. Evid. 401, 403. |
| 36:21 | 36:25 | Relevancy, confusing the issue, and hearsay. Fed. R. Evid. 401, 403, 801(c). |
| 37:03 | 37:16 | Relevancy, confusing the issue, and hearsay. Fed. R. Evid. 401, 403, 801(c). |
| 37:18 | 38:05 | Relevancy, confusing the issue, and hearsay. Fed. R. Evid. 401, 403, 801(c). |
| 42:11 | 43:12 | Optional completeness. Fed. R. Evid. 106. Respondent designates page 45, line 11, through page 46, line 8. |
| 47:25 | 48:06 | Hearsay. Fed. R. Evid. 801(c). |
| 48:11 | 48:14 | Hearsay and personal knowledge. Fed. R. Evid. 602, 801(c). |
| 67:08 | 68:24 | Improper opinion testimony. Fed. R. Evid. 701, 702. |
| 68:13 | 68:24 | Asked and answered at page 68, lines 4 through 12. |
| 70:02 | 71:01 | Relevancy, confusing the issue, and hearsay. Fed. R. Evid. 401, 403, 801(c). |
| 78:16 | 78:21 | Optional completeness. Fed. R. Evid. 106. Respondent designates page 78, line 22, through page 79, line 25. |
| 85:09 | 86:02 | Relevancy and wasting time. Fed. R. Evid. 401, 403. |
| 87:12 | 88:03 | Improper opinion testimony. Fed. R. Evid. 701, 702. |

## B.     Jim Leitner Deposition

Respondent objects to the following portions of Johnson's designations:

| Start Page: Line | End Page: Line | Respondent's Objection |
|---|---|---|
| 10:21 | 11:13 | Relevancy and wasting time. Fed. R. Evid. 401, 403 |
| 12:25 | 13:14 | Personal knowledge and speculation. Fed. R. Evid. 602. |
| 14:04 | 14:06 | Personal knowledge and speculation. Fed. R. Evid. 602. |
| 16:05 | 16:15 | Optional completeness. Fed. R. Evid. 106. Respondent additionally designates page 17, lines 8 through 24. |
| 19:19 | 19:20 | Hearsay. Fed. R. Evid. 801(c). |
| 25:16 | 26:03 | Relevancy, wasting time, confusing the issue. Fed. R. Evid. 401, 403. Alternatively, optional completeness. Fed. R. Evid. 106. If the Court determines the designation to be relevant, then Respondent additionally designates page 23, line 18, through page 24, line18. Respondent also designates page 25, lines 12 through 15, and page 26, lines 4 through 7. |
| 28:05 | 28:14 | Optional completeness. Fed. R. Evid. 106. Respondent additionally designates page 28, lines 15 through 17. |
| 28:08 | 28:12 | Relevancy, wasting time, and confusing the issue. Fed. R. Evid. 401, 403. |
| 31:15 | 31:23 | Relevancy and wasting time. Fed. R. Evid. 401, 403. |

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL*
*Counsel of Record   Assistant Attorney General
State Bar No. 24088591
Southern ID No. 2202376

LORI BRODBECK
Assistant Attorney General
State Bar No. 24050326
Southern ID No. 617627

P.O. Box 12548, Capitol Station
Austin, Texas  78711
Phone: (512) 936-1400
Facsimile: (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

      I do herby certify that on March 17, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Jeremy Don Schepers
Office of the Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
jeremy_schepers@fd.org

Michael Kawi
Office of the Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
Michael_Kawi@fd.org

                                            <u>s/ Gwendolyn S. Vindell</u>
                                            GWENDOLYN S. VINDELL
                                            Assistant Attorney General