IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEXTER JOHNSON, § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:19-cv-3047 |
| § | (Death Penalty Case) |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

**RESPONDENT'S OPPOSED MOTION FOR LEAVE
TO FILE LIMITED RESPONSE TO JOHNSON'S POST-HEARING
BRIEFING**

On March 31, 2022, this Court held an evidentiary hearing to address the question of whether Petitioner Dexter Johnson's state and federal habeas counsel, Patrick McCann, provided representation that "rendered Johnson's *Atkins*[1] claim previously unavailable and whether it entitles Johnson to equitable tolling." Order at 25–26, ECF No. 18. Pursuant to the Court's scheduling order, *see* Order, ECF No. 48, the parties submitted post-hearing briefing on May 11, 2022. *See* Pet'r Johnson's Br. Following Mar. 31, 2022 Evid. Hr'g, ECF No. 63 (Johnson Post-Hr'g Br.); Resp't Director's Post-Hr'g Br. & Renewed Mot. Dismiss, ECF No. 64. The Court's scheduling order did not

---

[1]   *Atkins v. Virginia*, 536 U.S. 304 (2002).

contemplate responsive briefing. *See* Order, ECF No. 48. However, the Director moves the Court to permit him to file a limited response to Johnson's post-hearing briefing to address evidentiary issues that his briefing raises.

Namely, it appears that Johnson has deliberately bypassed the constraints of the Court's evidentiary rulings. For example, at the March 24, 2022 pre-hearing conference, Johnson offered several exhibits consisting of motions to appoint new counsel that McCann filed in other petitioners' federal cases. *See* Johnson Ex. 6 (motion for appointment of new counsel filed in Tarus Vandell Sales's case), ECF No. 57-6; [2] Johnson Ex. 7 (same in Demetrius DeWayne Smith's case), ECF No. 57-7; Johnson Ex. 8 (same in Ronald James Hamilton's case), ECF No. 57-8; Johnson Ex. 11 (same in Raymond DeLeon Martinez's case), ECF No. 57-11. The Director objected to those filings on relevancy grounds, as it was unclear what McCann's motions in other cases had to do with why he did not raise an *Atkins* claim sooner in Johnson's case. *See* Resp't's Objs. Pet'r's Exs. and Dep. Designations 2, ECF No. 56. This Court

---

[2] At the March 24, 2022 pre-hearing conference, this Court excluded some of Johnson's exhibits pursuant to the Director's objections, held off on rulings on many of them, and admitted only one for a limited purpose—Dr. Hupp's report contained in Johnson Exhibit 13. Johnson, however, offered no exhibits at the March 31, 2022 evidentiary hearing; thus, no exhibits (other than Dr. Hupp's report) were admitted. This Court's local rules require the parties to electronically file admitted exhibits for purposes of appeal. *See* Court Proc. & Prac. C.3. The Director complied with this rule on April 20, 2022. *See* ECF No. 62. Johnson, however, electronically filed his unadmitted exhibits *before* the hearing occurred. It is unclear why Johnson did so, but for ease of reference, the Director cites to those ECF numbers here.

deferred rulings on the Director's relevancy objections pending Johnson laying a foundation to admit the exhibits or use them for impeachment purposes. *See* Mar. 24, 2022 Min. Entry for Proceedings before Judge Alfred H. Bennett ("Exhibits 6, 7 and 8 – Court will hold on ruling" and "Exhibit 11 – Court will hold on ruling").

Though Johnson discussed *one* of those exhibits with Mr. McCann at the March 31 evidentiary hearing, *see* Evidentiary Hr'g Rep.'s R. (EHRR) 39–44 (asking McCann about motion to appoint new counsel that he filed in Martinez's case), Johnson never offered any of those exhibits at the evidentiary hearing. Yet he cited to and discussed their substance in great detail in his post hearing briefing, including using them to attempt to post hoc impeach McCann on paper. *See* Johnson Post-Hr'g Br. 14–17 (arguing that McCann's filings in Martinez, Sales, Smith, and Hamilton "belie[s]" his testimony at the hearing "that he did not see the need to seek conflict-free counsel" and "demonstrates that Mr. McCann knew he should have sought conflict-free counsel to represent Mr. Johnson"). Johnson goes even further than the motions McCann filed, citing to *another* attorney's filings *about* McCann in Martinez's case. *See id.* at 15–16 n.5 (stating Martinez's later federal habeas counsel "note[d] that Mr. McCann, as state habeas counsel, never hired an expert to evaluate his intellectual disability claim"). While McCann's own statements in filings in other cases were not hearsay, another attorney's

3

statements about McCann certainly are.[3] But this Court was never presented with an opportunity to rule on a hearsay objection because Johnson never offered this evidence at the hearing. Johnson's after-the-fact reliance on exhibits he never offered, questioned about, or admitted at the evidentiary hearing is entirely improper.

Similarly, this Court previously ruled that Johnson was not permitted to call ethics expert Robert Schuwerk at the March 31, 2022 evidentiary hearing. *See* Order 9–10 (denying Johnson's request to call Schuwerk at the hearing and finding that his testimony "by deposition or affidavit is not relevant or useful"), ECF No. 28. Johnson thus did not offer Schuwerk's declaration as evidence at that hearing.[4] But he twice cites to that declaration to support his substantive arguments that McCann was unethical and ineffective during his representation of Johnson. *See* Johnson Post-Hr'g Br. 14 (quoting Schuwerk's

---

[3] And to the extent Johnson is relying on another attorney's statements to insinuate McCann performed poorly in Martinez's case and, therefore, performed poorly in Johnson's case, this is inadmissible character-in-conformity evidence. Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). The same is true for the cases Johnson cites for the proposition that McCann has, in other instances, "ignore[d] his client's directions or otherwise violat[ed] his constitutional rights." *See* Johnson Post-Hr'g Br. 9 n.2.

[4] Johnson did not even file Schuwerk's declaration in *this* proceeding; he attached it as an exhibit to the motion for post-judgment relief that he filed in his prior federal habeas proceeding. *See* Johnson Mot. Relief J. Pursuant to Fed. R. Civ. P. 60(b)(6) Ex. 2, *Johnson v. Stephens*, No. 4:11-CV-2466 (S.D. Tex. June 24, 2019), ECF No. 95-2.

4

declaration for proposition that McCann "chose 'to defend the quality of his previous representation to his client's detriment'"), 16 n.6 (citing Schuwerk's declaration to support that *Christenson v. Roper*, 574 U.S. 373 (2015), directly applies to McCann's supposed conflict). Johnson should not be permitted to circumvent the Court's evidentiary rulings in this matter.

Most egregiously, Johnson has cited and relied upon evidence that this Court *excluded* on hearsay grounds. Johnson offered as an exhibit a letter written by a pro se petitioner in another case. *See* Johnson Ex. 9, ECF No. 57-9. The Director objected on hearsay grounds, as Johnson was clearly using the content of the letter for the truth of the matter asserted. The Court sustained the Director's hearsay objection and excluded Johnson Exhibit 9. *See* Mar. 24, 2022 Min. Entry for Proceedings before Judge Alfred H. Bennett ("Exhibits 9 and 10 – Objections sustained"). Johnson did not ask McCann any questions about that letter or about his work in the Hamilton case. Johnson nevertheless directly cites the content of the exact same letter this Court excluded on hearsay grounds. *See* Johnson's Post-Hr'g Br. 17 ("After Mr. Hamilton wrote to the court and asked that Mr. McCann *not* be appointed to represent him" (emphasis in original)). Johnson bypasses the Court's evidentiary ruling by citing not to his proffered (and excluded) exhibit, but by citing to the electronic docket entry in Hamilton's federal habeas case. *See id*. But citing to an ECF

5

docket entry does not make it any less hearsay. In other words, Johnson has deliberately disregarded the Court's evidentiary ruling.

Johnson requested an evidentiary hearing be held, and this Court granted him one. Johnson's decision to repeatedly ignore this Court's evidentiary rulings is an abuse of the process with which he was given the opportunity to engage. Though the Court's scheduling order does not permit responsive briefing, the Director believes a limited response is appropriate to address Johnson's intentional decision to evade the Court's rulings. The Director could not have anticipated in his own post-hearing briefing that Johnson would rely upon evidence that is not part of the record. The Director thus requests that the Court grant him leave to file a limited response to Johnson's post-hearing[5] and that the Court file the attached limited response.

## CONCLUSION

The Director respectfully asks that this Court grant him leave to file the attached limited response to Johnson's post-hearing briefing and that the Court file the attached response.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

---

[5]     The Director's proposed briefing is being filed simultaneously with this motion.

6

|  |  |
|---|---|
|  | JOSH RENO<br>Deputy Attorney General<br>for Criminal Justice |
|  | EDWARD L. MARSHALL<br>Chief, Criminal Appeals Division |
| *Counsel of Record | s/ Gwendolyn S. Vindell<br>GWENDOLYN S. VINDELL*<br>Assistant Attorney General |
|  | Criminal Appeals Division<br>State Bar No. 24088591<br>Southern District No. 2202376 |
|  | Office of the Attorney General of Texas<br>P.O. Box 12548, Capitol Station<br>Austin, TX 78711-2548<br>(512) 936-1400; (512) 320-8132 fax |
|  | ATTORNEYS FOR RESPONDENT |

## CERTIFICATE OF CONFERENCE

I do hereby certify based on a conference with Petitioner's counsel, Jeremy Schepers, that Johnson is opposed to the relief requested herein.

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL
Assistant Attorney General

7

## CERTIFICATE OF SERVICE

      I do herby certify that on May 25, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Jeremy Don Schepers
Office of the Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
jeremy_schepers@fd.org

Michael Kawi
Office of the Federal Public Defender
525 S Griffin St, Ste 629
Dallas, TX 75202
Michael_kawi@fd.org

                                              s/ Gwendolyn S. Vindell
                                              GWENDOLYN S. VINDELL
                                              Assistant Attorney General