IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEXTER DARNELL JOHNSON**, § | | |
| *Petitioner*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:19-CV-03047 | |
| § | | |
| **BOBBY LUMPKIN**, Director, § | **DEATH PENALTY CASE** | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| *Respondent*. § | | |

**RESPONSE TO DIRECTOR'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL, INTERVENING AUTHORITY**

Currently pending before this Court are Petitioner Dexter Johnson's and the Director's post-hearing briefs addressing the following two issues: (1) whether Mr. Johnson's intellectual disability claim was previously unavailable to him and (2) whether Mr. Johnson is entitled to equitable tolling. Order at 25–26, ECF No. 18. This Court ordered the evidentiary hearing to resolve factual issues underlying Mr. Johnson's second or successive habeas application containing a single claim: a freestanding claim that pursuant to *Atkins v. Virginia*, 536 U.S. 303 (2002), the Eighth Amendment prohibits Mr. Johnson's death sentence and execution due to his intellectual disability. Order at 1, ECF No. 18.

The Director now asks this Court to allow it to bring attention to the Supreme Court's recent decision in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022)—despite acknowledging that its "holding is not directly applicable to Johnson's case." Respondent Director's Notice of Supplemental, Intervening Authority ("Notice") at 2,

1

ECF No. 72. The Director is correct: as it points out, *Martinez Ramirez* held only that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record *based on ineffective assistance of state post-conviction counsel*." 142 S. Ct. at 1734 (emphasis added); *see* Notice at 2, ECF No. 72. Mr. Johnson has not raised an ineffective-assistance-of-trial-counsel claim that was procedurally defaulted due to state post-conviction counsel's ineffectiveness. *See Trevino v. Thaler*, 569 U.S. 413, 416–17 (2013). Because Mr. Johnson is not litigating such a claim, *Martinez Ramirez* has no bearing on the issues before this Court.

More importantly, however, the Director's purported reasons for notifying the Court rest on issues and allegations absent from both *Martinez Ramirez* and the prior proceedings in Mr. Johnson's case. Contrary to the Director's assertions, neither the Fifth Circuit nor this Court has "read equitable, extra-statutory exceptions into the legal unavailability prong of § 2244(b)(2)(A)." Notice at 4, ECF No. 72. Instead, these prior decisions have held that Mr. Johnson does, or might, meet the statutory requirements under that section. The Director has repeatedly made this or similar arguments to both this Court and the Fifth Circuit and each court has denied this argument every time it was made. *See In re Johnson*, 935 F.3d 284, 293–94 (5th Cir. 2019); Order at 4–6, ECF No. 28; Order at 16–17, ECF No. 18. The Director is likewise wrong that Mr. Johnson cannot satisfy the requirements of § 2244(b)(2)(A) because neither the DSM-5 nor *Moore v. Texas*, 137 S. Ct. 1039 (2017), or *Moore v. Texas*, 139 S. Ct. 666 (2019), is retroactive: again, the Fifth Circuit and this Court have

repeatedly rejected the Director's interpretation of the relevant statute and Mr. Johnson's arguments. *See Johnson*, 935 F.3d at 293–94; Order at 4–6, ECF No. 28; Order at 16–20, ECF No. 18. In short, nothing in *Martinez Ramirez* addresses any of the issues raised by the Director in his Notice and that case simply has no application to Mr. Johnson's case and the current issues before this Court.

For these reasons, Mr. Johnson requests that this Court deny the Director's Motion.

Respectfully submitted,

        JASON D. HAWKINS
        Federal Public Defender

        */s/ Jeremy Schepers*
        Jeremy Schepers
        Supervisor, Capital Habeas Unit

        Michael Kawi
        Assistant Federal Public Defender

        Office of the Federal Public Defender
        Northern District of Texas
        525 S. Griffin St., Ste. 629
        Dallas, Texas 75202
        jeremy_schepers@fd.org
        michael_kawi@fd.org
        (214) 767-2746
        (214) 767-2886 (fax)

## CERTIFICATE OF SERVICE

    I, Jeremy Schepers, certify that on July 11, 2022, a copy of the foregoing was delivered via ECF to the Texas Attorney General's Office, counsel for the Director, Gwendolyn Vindell.

                                        */s/ Jeremy Schepers*
                                        Jeremy Schepers