UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3047 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Dexter Johnson, an inmate on Texas' death row, has filed a successive federal habeas corpus petition arguing that he is intellectually disabled and thus exempt from execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). (Docket Entry No. 8). This Court held an evidentiary hearing in March 2022 to hear testimony from Johnson's former state habeas attorney. On October 28, 2022, the Court entered a Memorandum and Order finding that Johnson had met the statutory requirements which would allow his *Atkins* claim to proceed to adjudication. (Docket Entry No. 78).

Respondent Bobby Lumpkin wants immediate appellate review of the October 28, 2022, Order. To that end, Respondent has filed a motion for an interlocutory appeal. (Docket Entry No. 80). Respondent asks the Court to certify three questions:

1. Whether there can be judicially created exceptions to 28 U.S.C. § 2244(b)(2)(A)?

2. Whether an attorney's intentional, strategic decisions to not raise a claim he deemed meritless can ever constitute extraordinary circumstances?

3. Whether a prima facie showing of intellectual disability exempts a petitioner from the diligence requirement of equitable tolling?

(Docket Entry No. 80 at 4-5). Respondent also moves for a stay of this case during the appellate proceedings. (Docket Entry No. 81). Johnson opposes Respondent's motions. (Docket Entry No. 82).

Federal law permits a district court to certify an otherwise non-appealable order when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). The Court finds that an interlocutory appeal would be appropriate in this case. Respondent's first question ("Whether there can be judicially created exceptions to 28 U.S.C. § 2244(b)(2)(A)?") presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of this litigation.

The Court's certification of only the first question, however, does not limit the issues for which Respondent may seek immediate appeal in the Fifth Circuit. The Fifth Circuit has held that "[u]nder § 1292(b), it is the order, not the question, that is appealable." *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398 (5th Cir. 2010). The circuit court's jurisdiction extends to "'questions that are material to the lower court's certified order'" and it may review issues not specifically certified by the district court. *See Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 243 (5th Cir. 2011) (quoting *Castellanos-Contreras*, 622 F.3d at 398).

An interlocutory appeal does not automatically stay the district court proceedings. *See* 28 U.S.C. § 1292(b) ("That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."). The questions which Respondent will ask the Fifth Circuit to review are dispositive in this case.

Because an interlocutory appeal may materially change the course of this lawsuit, a stay of the proceedings is warranted.

The Court, therefore, **GRANTS** Respondent's motion for interlocutory appeal (Docket Entry No. 80) and motion to stay the proceedings (Docket Entry No. 81). This case is **STAYED**.

The Clerk will provide copies of this Order to the parties.

SIGNED on  JAN 1 1 2023  at Houston, Texas.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE